IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MALCOLM LEIGH AND LORAINE LEIGH, | ) | |
| | ) | |
| Plaintiffs | ) | Case No |
| | ) | |
| v. | ) | Jury Demanded |
| | ) | |
| CAMP ZEST, INC. d/b/a MAKANDA INN & | ) | |
| COTTAGES, | ) | |
| SERVE REGISTERED AGENT: | ) | |
| Gregory R. Wellman | ) | |
| 520 Woodview Avenue | ) | |
| Elk Grove Village, IL 60007 | ) | |
| | ) | |
| and GREGORY WELLMAN, | ) | |
| individually | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiffs Malcolm Leigh and Loraine Leigh (collectively, "Plaintiffs"), by and through their attorneys, complain against Defendants Camp Zest, Inc. d/b/a Makanda Inn and Cottages (hereinafter, "***Defendant Camp Zest***") and Gregory Wellman, individually, and allege as follows:

## INTRODUCTION

1. This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq., the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., for failure to pay the minimum wage, failure to pay Plaintiffs time and a half for hours worked in excess of forty-hours, and failure to pay agreed compensation in breach of the IWPCA. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs their lawfully earned wages.

2. Furthermore, this is an action for the common law claim of breach of contract under Illinois common law.

## JURISDICTION & VENUE

3.     The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C. §§ 1267, and 1331, 29 U.S.C. §§ 216(b), and 2617

4.     This Court has supplemental jurisdiction for this action under 28 U.S.C. § 1367.

5.     Venue is proper in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1391 because Defendants do business within this District.

## PARTIES

6.     Plaintiff Malcolm Leigh is an adult male resident of Macwahoc Plantation, Maine, who Defendant Camp Zest employed within the meaning of the statutes pursuant to which he brings claims.

7.     Plaintiff Loraine Leigh is an adult female resident of Macwahoc Plantation, Maine, who Defendant Camp Zest employed within the meaning of the statutes pursuant to which she brings claims.

8.     Defendant Camp Zest is a company doing business in Jackson County, Illinois, registered in Elk Grove Village, Illinois, and is made up of/does business as Makanda Inn, and/or Makanda Inn and Cottages, respectively, as corporate aliases.

9.     Plaintiffs performed work for Defendants, an Illinois entity, in Illinois.

10.    Defendant Camp Zest's corporate agent and president is Defendant Gregory R. Wellman (hereinafter "***Defendant Wellman***").

11.    At all times relevant herein, Defendant Camp Zest acted through their servants and agents.

12.    At all times relevant herein, Defendant Camp Zest was Plaintiffs' employer within the meaning of the FLSA (29 U.S.C. § 203).

13.    At all times relevant herein, Plaintiffs were individual employees hired by Defendant Camp Zest to engage in commerce for purposes of 29 U.S.C. §§ 206 and 207.

14.     At all times relevant herein, Defendant Camp Zest was Plaintiffs' employer within the meaning of the IMWL (820 ILCS 105/3).

15.     At all times relevant herein, Defendant Camp Zest was Plaintiffs' employer within the meaning of the (IWPCA 820 ILCS 115/2), as:

      a.      Defendant Camp Zest is headquartered and/or maintains its principal place of business in Illinois;

      b.      Defendant Camp Zest is an Illinois employer;

      c.       A significant portion of the hours worked by the Plaintiffs was performed within Illinois; and

      d.      The IWPCA provides for jurisdiction over claims regardless of whether the work was performed in part or in whole within Illinois, so long as the employer is based in Illinois (Ill. Admin. Code tit. 56, § 300.440).

16.     At all times relevant herein, Plaintiffs were Defendant Camp Zest's employees as defined by the IWPCA. 820 ILCS 112/5; Ill. Admin. Code tit. 56, § 300.440.

17.     At all material times, Defendant Camp Zest has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

18.      At all times relevant herein, Defendant Wellman was the owner of Defendant Camp Zest and one of the individuals responsible for making decisions regarding payment of wages, in addition to hiring and firing.

## FACTUAL ALLEGATIONS

19.     On or about August 17, 2015, Plaintiff Malcolm Leigh and Defendants entered into a one-year contract (hereinafter referred to as "***August 2015 Contract***"). **Exhibit A** is a copy of the August 2015 Contract.

20.     Pursuant to the August 2015 Contract, Plaintiff Malcolm Leigh agreed to perform or provide services relating to the management and operation of Makanda Inn located at 855 Old Lower Cobden Road, Makanda, IL.

21.     Pursuant to the August 2015 Contract, Defendants agreed to provide Plaintiff Malcolm Leigh a base monthly fee of two thousand dollars ($2,000.00), additional fees up to one thousand dollars for the first five months, on-site living quarters and utilities, a cell phone for business, reimbursement for approved expenses, and quarterly incentive compensation (hereinafter "***IC***").

22.     The IC was an incentive compensation to be paid to Plaintiff Malcolm Leigh based on the business's overall performance. The IC calculation was based on the net income before depreciation, property tax, interest, expense, and professional fees associated with annual tax preparation, minus the owner's allowance of 20 percent of the total income.

23.     Pursuant to the August 2015 Contract, Plaintiff Malcolm Leigh was to be paid the IC quarterly provided said IC was positive on a cumulative basis for the calendar year.

24.     Pursuant to the August 2015 Contract, Plaintiff Malcolm Leigh was to be paid the IC within 30 days of closing the books each quarter (3/31, 6/30, 9/30, and 12/31) unless both parties mutually agreed to hold back IC payments due to business cash flow requirements.

25.     After the expiration of the August 2015 Contract, the parties agreed to continue without the formality of a contract and did not change the terms of their original agreement.

26.     Defendants knew that Plaintiff Loraine Leigh was providing services for Defendants and working approximately 68.67 hours per week.

27. Plaintiff Loraine Leigh's work duties included but were not limited to: customer service, meal preparation, housekeeping, scheduling and reservations, sales and advertising, marketing, supervising the housekeeping staff, handling disputed charges, social media management, correspondence, bookkeeping, deliveries, purchases, money management, QuickBooks, accounting, laundry, decorating, conducting tours, meetings for event planning, and event planning.

28. Defendants were aware and expected Plaintiff Loraine Leigh to complete this work.

29. Plaintiff Loraine Leigh was not paid for any hours she worked for Defendants.

30. Plaintiff Loraine Leigh was not paid overtime for any hours she worked in excess of the forty (40) hours per week for Defendants.

31. Plaintiff Malcolm Leigh worked for Defendants as a manager. He was paid $2000 monthly regardless of how long he worked.

32. Plaintiff Malcolm Leigh's duties included but were not limited to: cooking, construction, shopping for equipment, capital improvements, maintenance, repairs, landscaping, snow and ice removal, laundry pickup and drop off, wedding and event planning and hosting, website development and maintenance, sales and marketing, property tours, bartending, food service, guest services, check-ins, check-outs, and scheduling with outside contractors.

33. From January 1, 2018, to January 4, 2021, Plaintiff Malcolm Leigh was not correctly paid for his work.

    a. In 2018, Plaintiff Malcolm Leigh worked 2,080 hours regular and 1,233 hours overtime.

    b. In 2018, Plaintiff Malcolm Leigh was only paid $28,026.00.

    c. In 2019, Plaintiff Malcolm Leigh worked 2,080 hours regular and 1,551 hours overtime.

    d. In 2019, Plaintiff Malcolm Leigh was only paid $28,648.00.

e.    In 2020, Plaintiff Malcolm Leigh worked 2,080 hours regular and 1,455 hours overtime.

f.    In 2020, Plaintiff Malcolm Leigh was only paid $29,903.00.

34.    Plaintiffs never received an IC bonus for 2018, 2019, or 2020.

35.    Plaintiff Malcolm Leigh never agreed to hold back IC payments in 2018, 2019, or 2020.

36.    Defendants retain the exclusive right to control the manner and means by which Plaintiffs performed their jobs.

37.    Defendants exercised its control over Plaintiffs in at least the following respects:

a.    Defendants set the hours and days that Plaintiffs worked, based on the business needs;

b.    Plaintiffs could not change the hours or days they worked;

c.    Plaintiffs did not sign up for a specific amount of time to work;

d.    Plaintiffs could not take a vacation without Defendants' approval and had to remain available during any vacation;

e.    Defendants provided the equipment that Plaintiffs used to complete the jobs and paid for any maintenance or expenses;

f.    Defendants gave plaintiffs job assignments;

g.    Plaintiffs could not refuse to complete a job assigned by Defendant;

h.    Plaintiffs could not work for other employers;

i.    Plaintiffs conducted the work on the business's premises; and

j.    When Plaintiffs did not follow Defendants' rules or instructions, they were subject to disciplinary punishment.

38.    Defendants controlled, exclusively, Plaintiffs' opportunities for profit or loss in the following respects:

     a.     Defendants unilaterally set the rates of compensation to be paid to Plaintiff Malcolm Leigh;

     b.     Defendants knew that Plaintiff Loraine Leigh worked for Defendants over sixty hours per week and did not pay her anything for the work she performed;

     c.     Defendants would often elect not to honor the agreed rates of compensation to be paid to Plaintiffs, and Plaintiffs had no mechanism for challenging or contesting such changes;

     d.     Plaintiffs could not receive a profit from the work completed, and they could not lose money on work completed.

     e.     Plaintiffs did not invest personal cash money into the business

     f.     Defendants unilaterally set the prices charged to their customers for the services rendered by Plaintiffs; and

     g.     Plaintiffs have no control over the rates charged to Defendants' customers.

39.     Plaintiffs consistently worked exclusively for Defendant, meaning there was a significant degree of permanence to their relationship.

40.     Plaintiffs have provided services that are an integral part of Defendants' business enterprise in the following respects:

     a.     Defendants' business is a vacation bed and breakfast inn and cabin rental lodging property.

     b.     Plaintiffs performed the primary duty or service offered by Defendant, customer service, scheduling, housekeeping, maintenance, food preparation, etc.;

     c.     By providing these services with required Defendants' logos and advertising, by reliably serving Defendants' customers, by following Defendants' controlled job duties, and in other material ways, Plaintiffs have rendered services to Defendants that are integral to Defendants' business.

41.     Despite Defendants' pervasive control over all aspects of its operations, Defendants had uniformly classified and treated Plaintiffs as "independent contractors" for Illinois state law and federal income tax purposes.

42. Although the nature of the work performed by Plaintiffs makes detailed control by management unnecessary, Defendants retain the right to control and exercise extensive control over the work of Plaintiffs.

43. Defendants' right of control over Plaintiffs was retained and/or exercised by Defendants as demonstrated by Defendants' unwritten practices.

44. Defendants' classification and treatment of Plaintiffs throughout the period covered by this lawsuit as "independent contractors" rather than as "employees" is and has been unlawful.

45. As a result of Defendants misclassifying Plaintiff Malcolm Leigh as an "independent contractor," Defendants have regularly failed to pay Plaintiff Malcolm Leigh the minimum wage for all hours worked, including but not limited to waiting time, "show up" time, and time spent in company meetings.

46. As a result of Defendants misclassifying Plaintiff Malcolm Leigh as an "independent contractor," Defendants have failed to record the actual hours worked by Plaintiffs.

47. As a result of Defendants misclassifying Plaintiffs as "independent contractors," Defendants have failed to itemize the total hours worked on wage statements furnished to Plaintiffs.

48. As a result of Defendants misclassifying Plaintiffs as "independent contractors," Defendants has willfully and knowingly failed to pay Plaintiffs, upon the termination of employment, all accrued compensation, including compensation, and payment of overtime compensation.

49. As a result of misclassifying Plaintiffs as "independent contractors," Defendants have willfully and knowingly failed to pay the requisite employer's contribution to social security and Medicare and deprived Plaintiffs of access to certain benefits, including but not limited to Illinois unemployment insurance and workers compensation.

50. Defendant Gregory Wellman is Defendant Camp Zest's owner and company president.

51. Defendant Wellman possesses and exercises the following authority as it relates to Defendant Camp Zest:

        a. The power to hire and fire employees;

        b. Supervisory authority over employees, including control over their work schedules and conditions of employment;

        c. Determining employees' methods and rates of pay;

        d. And maintenance of employees' records.

52. Defendant Wellman, as Defendant Camp Zest's owner, was Plaintiffs' employer, and Plaintiffs were Defendant Camp Zest and Defendant Wellman's employees.

53. On or about January 4, 2021, Defendant Wellman delivered in person to Plaintiff Malcolm Leigh a 30-day notice to terminate the tenancy.

## COUNT I: DEFENDANTS VIOLATED THE FAIR LABOR STANDARD ACT BY FAILING TO PAY PLAINTIFFS THE MINIMUM WAGE

54. Plaintiffs re-alleges and incorporates by reference the allegations set forth in the above.

55. This count arises from Defendants' violation of FLSA, 29 U.S.C. § 201 et seq. for Defendants failing to compensate Plaintiffs at least the applicable federal minimum wage for each hour for which they were employed.

56. From January 1, 2018, until January 4, 2021, Defendants violated 29 U.S.C. §206 by employing Plaintiff Malcolm Leigh in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA as aforesaid and failing to pay him at least the applicable federal minimum wage for each hour for which he was employed.

57.     From January 1, 2018, until January 4, 2021, Defendants violated 29 U.S.C. §206 by employing Plaintiff Loraine Leigh in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA as aforesaid and failing to pay her at least the applicable federal minimum wage for each hour for which she was employed.

58.     Defendant Wellman, as Defendant Camp Zest's owner, was Plaintiffs' employer, and Plaintiffs were Defendant Camp Zest and Defendant Wellman's employees, within the meaning of the FLSA.

59.     Defendant Camp Zest's actions in deliberately underpaying Plaintiffs, in violation of the FLSA, were made with the express knowledge and/or instruction of Defendant Gregory Wellman.

60.     As a result of these underpayments, Plaintiffs suffered damages in the form of unpaid wages and earning less than the legal federal minimum wage.

61.     WHEREFORE, Plaintiffs Loraine Leigh and Malcolm Leigh respectfully request that the Court enter judgment as follows:

      a.     Judgment in the amount of Plaintiffs' unpaid wages;

      b.     Liquidated damages in an amount equal to the amount of Plaintiffs' unpaid wage;

      c.     Interest as allowed by law;

      d.     An award of reasonable attorney's fees;

      e.     Costs incurred in filing and prosecuting this action; and

      f.     Such additional relief as this Court deems appropriate and just.

## COUNT II: DEFENDANTS VIOLATED THE FAIR LABOR STANDARD ACT BY FAILING TO PAY PLAINTIFFS OVERTIME

62.     Plaintiffs re-alleges and incorporates by reference the allegations set forth in the above.

63.     This count arises from Defendants' violation of FLSA, 29 U.S.C. § 201 et seq. for Defendants failing to compensate Plaintiffs at least the applicable federal minimum wage for each hour for which they were employed.

64.     From January 1, 2018, until January 4, 2021, Defendants violated 29 U.S.C. §207 by employing Plaintiff Malcolm Leigh in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA as aforesaid and failing to pay him at a rate not less than one and one-half times the regular rate at which he is employed for each hour that he was employed and worked more than forty hours in a workweek.

65.     From January 1, 2018, until January 4, 2021, Defendants violated 29 U.S.C. §207 by employing Plaintiff Loraine Leigh in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA as aforesaid and failing to pay her at a rate not less than one and one-half times the regular rate at which she is employed for each hour that she was employed and worked more than forty hours in a workweek.

66.     Defendant Wellman, as Defendant Camp Zest's owner, was Plaintiffs' employer, and Plaintiffs were Defendant Camp Zest and Defendant Wellman's employees, within the meaning of the FLSA.

67.     Defendant Camp Zest's actions in deliberately underpaying Plaintiffs, in violation of the FLSA, were made with the express knowledge and/or instruction of Defendant Gregory Wellman.

68.     As a result of these underpayments, Plaintiffs suffered damages in the form of unpaid wages and earning less than the legal federal minimum wage.

69.     WHEREFORE, Plaintiffs Loraine Leigh and Malcolm Leigh respectfully request that the Court enter judgment as follows:

        a.      Judgment in the amount of Plaintiffs' unpaid wages;

    b.    Liquidated damages in an amount equal to the amount of Plaintiffs' unpaid wage;

    c.    Interest as allowed by law;

    d.    An award of reasonable attorney's fees;

    e.    Costs incurred in filing and prosecuting this action; and

    f.    Such additional relief as this Court deems appropriate and just.

## COUNT III: DEFENDANTS VIOLATED THE ILLINOIS MINIMUM WAGE ACT BY FAILING TO PAY PLAINTIFFS THE MINIMUM WAGE

70.    Plaintiffs re-alleges and incorporates by reference the allegations set forth in the above.

71.    This count arises from Defendants' violation of IMWL, 820 ILCS 105/1, et seq. for Defendants' failure to compensate Plaintiffs at least the applicable state minimum wage for each hour for which they were employed.

72.    Throughout the entirety of Plaintiffs' employment, Defendants violated 820 Ill. Comp. Stat. Ann. 105/4 by paying Plaintiffs less than the mandated minimum wage of $8.25 per hour in 2018.

73.    Throughout the entirety of Plaintiffs' employment, Defendants violated 820 Ill. Comp. Stat. Ann. 105/4 by paying Plaintiffs less than the mandated minimum wage of $9.25 per hour in 2019.

74.    Throughout the entirety of Plaintiffs' employment, Defendants violated 820 Ill. Comp. Stat. Ann. 105/4 by paying Plaintiffs less than the mandated minimum wage of $10 per hour in 2020.

75.    Defendant Wellman, as Defendant Camp Zest's owner, was Plaintiffs' employer, and Plaintiffs were Defendant Camp Zest and Defendant Wellman's employees, within the meaning of the IMWL. IMWL. 820 Ill. Comp. Sta. 105/3(c), (d). 201.

76. Defendant Camp Zest's actions in deliberately underpaying Plaintiffs in violation of the IMWL were made with the express knowledge and/or instruction of Defendant Gregory Wellman.

77. As a result of these underpayments, Plaintiffs suffered damages in the form of unpaid wages.

78. WHEREFORE, Plaintiffs Malcolm Leigh and Loraine Leigh respectfully request that the Court enter judgment as follows:

a. Judgment in the amount of Plaintiffs' unpaid wages;

b. Treble damages in an amount equal to the amount of Plaintiff's unpaid wage;

c. Statutory interest penalties of 5% monthly as allowed by law;

d. An award of reasonable attorney's fees;

e. Costs incurred in filing and prosecuting this action; and

f. Such additional relief as this Court deems appropriate and just.

## COUNT IV: DEFENDANTS VIOLATED THE ILLINOIS MINIMUM WAGE ACT BY FAILING TO PAY PLAINTIFFS OVERTIME

79. Plaintiffs re-alleges and incorporates by reference the allegations set forth in the above.

80. This count arises from Defendants' violation of IMWL, 820 ILCS 105/4, et seq. for Defendant's failure to compensate Plaintiffs at least the applicable state overtime rate for each hour for which they were employed and worked more than forty hours in a workweek.

81. Throughout the entirety of Plaintiffs' employment, Defendants violated 820 Ill. Comp. Stat. Ann. 105/4 by failing to pay Plaintiffs one and a half times the regular rate at which they are employed and work more than forty hours in a workweek. \

82.     Defendant Wellman, as Defendant Camp Zest's owner, was Plaintiffs' employer, and Plaintiffs were Defendant Camp Zest and Defendant Wellman's employees, within the meaning of the IMWL. IMWL. 820 Ill. Comp. Sta. 105/3(c), (d). 201.

83.     Defendant Camp Zest's actions in deliberately failing to pay Plaintiffs time and a half for hours worked in excess of forty hours in a workweek, in violation of the IMWL, were made with the express knowledge and/or instruction of Defendant Gregory Wellman.

84.     As a result of these underpayments, Plaintiffs suffered damages in the form of unpaid overtime wages.

85.     WHEREFORE, Plaintiffs Malcolm Leigh and Loraine Leigh respectfully request that the Court enter judgment as follows:

a.     Judgment in the amount of Plaintiffs' unpaid wages;

b.     Treble damages in an amount equal to the amount of Plaintiff's unpaid wage;

c.     Statutory interest penalties of 5% monthly as allowed by law;

d.     An award of reasonable attorney's fees;

e.     Costs incurred in filing and prosecuting this action; and

f.     Such additional relief as this Court deems appropriate and just.

**COUNT V: DEFENDANTS VIOLATED THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT BY FAILING TO PAY PLAINTIFF MALCOLM LEIGH THE AGREED-UPON WAGE**

86.     Plaintiffs re-alleges and incorporates by reference the allegations set forth in the above.

87.     This count arises from Defendants' violation of the IWPCA for breach of Defendant's agreements with Plaintiff Malcolm Leigh.

88.     Defendants failed to pay Plaintiff Malcolm Leigh pursuant to their respective agreed terms of compensation for the bonus of the IC.

89. By not paying Plaintiff Malcolm Leigh the IC, Defendants breached their agreement, violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

90. Illinois Department of Labor regulations set forth, in relevant part: Section 300.720 Written Agreement Authorizing Deductions a) Any written agreement between employer and claimant permitting or authorizing deductions from wages or final compensation must be given freely at the time the deduction is made. In the case of cash advances, the agreement may be made either at the time of the deduction or at the time of the advance itself. Ill. Admin. Code tit. 56, § 300.720.

91. Likewise, this deduction was not made with Plaintiff's express written consent, given freely at the time of the deduction, in violation of the IWPCA. 820 ILCS 115/9.

92. Defendants failed to provide or obtain the proper notice required under the IWPCA.

93. Defendant Wellman, as Defendant Camp Zest's owner, was Plaintiffs' employer, and Plaintiffs were Defendant Camp Zest and Defendant Wellman's employees, within the meaning of the IWPCA.

94. Defendant Camp Zest's actions in deliberately underpaying Plaintiffs, in violation of the IWPCA were made with the express knowledge and/or instruction of Defendant Gregory Wellman.

95. As a result of these non-payments and/or partial payments, Plaintiffs suffered damages in the form of lost compensation.

96. WHEREFORE, Plaintiff Malcolm Leigh respectfully requests that the Court enter judgment as follows:

    a. A judgment in the amount of Plaintiff's unpaid bonus;

    b. An award of statutory damages equal to 2% of the amount of unpaid bonus for each month following the date of the payment during which underpayments remain unpaid;

c.    An award of reasonable attorney's fees;

d.    Costs incurred in filing and prosecuting this action; and

e.    Such additional relief as this Court deems appropriate and just.

97.    By not paying Plaintiff Loraine Leigh for the hours she worked, Defendants breached their agreement, violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

## COUNT VI: BREACH OF CONTRACT

98.    Plaintiffs re-alleges and incorporates by reference the allegations set forth in the above.

99.    Defendants offered Plaintiff Malcolm Leigh compensation in the amount of $2,000 per month plus an IC bonus to be paid quarterly, which consisted of 80% of the profits.

100.    Defendants offered Plaintiff Loraine Leigh employment.

101.    These offers were initially made in writing in August of 2015.

102.    The offer to continue the August 2015 agreement was made orally.

103.    Plaintiffs, respectively, accepted these offers and agreed to perform work for Defendants under those terms.

104.    Defendant, as Plaintiff Malcolm Leigh's employer, breached the terms of their contract when it failed to pay them the IC bonus.

105.    Defendant, as Plaintiff Loraine Leigh's employer, breached the terms of its contract when it failed to pay her as an employee.

106.    As a direct result of Defendant's breach of its contracts with each Plaintiff, each Plaintiff has suffered damages in the form of lost earned compensation and earning less than was agreed pursuant to the terms of their respective oral contracts with Defendant.

107.     Wherefore, Malcolm Leigh and Loraine Leigh respectfully request that the Court enter judgment as follows:

      a.     Payment of each Plaintiff's respective agreed and promised wages;

      b.     Such other relief as this Court deems just and appropriate.

## **JURY DEMAND**

108.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully demand a trial by jury on all issues triable by a jury.

RRespectfully Submitted,

By: ___*Sarah Jane Hunt*_____
Sarah Jane Hunt
Nicole Matlock
Michelle Faron
Kennedy Hunt, P. C.
4500 West Pine Blvd.
St. Louis, MO 63108
(314) 872-9041
(314) 872-9043 fax
(314) 880-4461 direct
sarahjane@kennedyhuntlaw.com
nmatlock@kennedyhuntlaw.com
michelle@kennedyhuntlaw.com

_*Shari Rhode (With Consent)*_____
Shari Rhode
Rhode Law Firm
1405 West Main Street
Carbondale, IL  62901
Tel:   618-549-4287
Fax:  618-549-4343
shari@rhodelawfirm.com